**LR LAW FIRM**
Leon Tao, Esq. (SBN 330099)
ltao@lnrlawyers.com
3435 Wilshire Blvd. STE 1400
Los Angeles, CA 90010
Telephone: (888) 504-5341
Facsimile: (323) 530-1853
E-mail:    ltao@lnrlawyers.com

Attorneys for Plaintiff,
**LING CHEN**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LING CHEN, an individual,<br><br>            Plaintiff,<br><br>        v.<br><br>MERCEDES-BENZ, USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 2:24-cv-08261-JLS-PD<br>Unlimited Jurisdiction<br><br>**PLAINTIFF LING CHEN'S REPLY TO DEFENDANT MERCEDES-BENZ'S OPPOSITION TOPLAINTIFF'S MOTION TO REMAND**<br><br>Date: December 13, 2024<br>Time: 10:30 a.m.<br>Judge: Hon. Josephine L. Staton<br>Ctrm.: 8A<br>Complaint Filed: March 28, 2024<br>Trial Date: None Set |

1

**TO THE COURT AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff LING CHEN hereby submits the following Memorandum of Points and Authorities in support of Plaintiff Ling Chen's Reply to Defendant Mercedes-Benz's Opposition To Plaintiff's Motion To Remand. As discussed below, the Court should grant Plaintiff's Motion To Remand in its entirety.

Dated:   November 27, 2024

**LR Law Firm**

*Leon Tao, Esq.*
Leon Tao, Esq.
Attorney for Plaintiff,
**LING CHEN**

# I.

## INTRODUCTION

Defendant's opposition contains allegations that are incorrect and misleading as an attempt to blame the Plaintiff for their own failure of not meeting the statutory removal deadline under 28 U.S.C. § 1446 (b)(1). Defendant concedes that the removal was not timely under 28 U.S.C. § 1446 (b)(1), but instead relies their sole argument on the exception to the general rule under 28 U.S.C. § 1446 (b)(3). However, this exception is very limited in its application and should only be used when all the criteria are met. In this reply, Plaintiff will show this Court with evidence that 28 U.S.C. § 1446 (b)(3) is inapplicable to this matter.

# II.

## DISCUSSION

**A. 28 U.S.C. § 1446 (B) (3) Does Not Apply Because Plaintiff's Response To Discovery Was NOT the First Document From Which Removability Can Be Ascertained.**

Plaintiff primarily argues that Defendant could not remove this case because MBUSA's filing of the Notice of Removal on September 25, 2024, comes **150 days** after the 30-day deadline for removal, and that Defendant's reliance on 28 U.S.C. § 1446 (b) (3) was inapplicable. Defendant's opposition attempted to divert the court's focus by focusing on whether the original complaint provided notice to Defendant of the amount in controversy and Plaintiff's citizenship. Although Plaintiff did argue and maintains her position that the original complaint in and itself provided sufficient facts to allow Defendant to ascertain removability, the more important issue Court should focus on is whether Plaintiff's responses to Defendants' written discovery on August 26, 2024, was the **First** document from which removability may be ascertained, as required by 28 U.S.C. § 1446 (b) (3).

///

///

///

**PLAINTIFF LING CHEN'S REPLY**

Plaintiff argues that her responses to Defendants' written discovery could not have been the **First** document from which removability may be ascertained. On **August 13, 2024**, the parties appeared in front of honorable Bryant Y. Yang, at Los Angeles County Superior Court, for a Case Management Conference. At that time, Defendant through their counsel of record represented to the state court that Defendant was planning to remove the matter to Federal Court. (Declaration of Leon Tao "LT Decl." ¶ 3, Ex. A.).  Therefore, Defendant had **actual knowledge** this matter was removable long before August 26, 2024, and the Court should grant Plaintiff's motion solely on this reason alone.

In the Opposition, Defendant contends that the statutory 998 offer was insignificant because the offer was for a nominal amount of $5,000.00. The amount of the offer is irrelevant. The implication of making the 998 offer is that this is a fee/cost shifting offer that could potentially subject the offeror to significant amount of fees and costs.

California Civil Code Section 998(e) provides that if an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the costs under this section, from the time of the offer, shall be deducted from any damages awarded in favor of the plaintiff. If the costs awarded under this section exceed the amount of the damages awarded to the plaintiff the net amount shall be awarded to the defendant and judgment or award shall be entered accordingly.

Therefore, the statutory 998 offer is an offer that carries great significance, and one sophisticated Defendant like Mercedes Benz would only make with informed decision. As Plaintiff previously argued in her motion to remand, in order to make such informed decision, it is only reasonable to assume that Defendant must have had all the pertinent documents available to them, which would in the very least include the Subject Vehicle's repair history and some documents that reflected the Subject Vehicle's value, such as the sales document.

**PLAINTIFF LING CHEN'S REPLY**

Plaintiff further argued in her Motion to Remand that Defendant's active participation in the litigation would preclude them from removal. Plaintiff further provided case law that Plaintiff believes is applicable to this matter to support her position. However, since Defendant's opposition did not address these issues, Plaintiff will not address them here in this reply.

### III.    CONCLUSION

Plaintiff maintains her position that the 150 days belated filing of Defendant's Notice of Removal is untimely and constitutes a procedural defect that necessitates the granting of Plaintiff's Motion to Remand. For the foregoing reasons, Plaintiff respectfully request that this Court remand the action to state court where it rightfully belongs.

**The undersigned, counsel of record for Plaintiff Ling Chen certifies that this brief contains [1312] words, which complies with the word limit of L.R. 11-6.1.**

Dated:    November 27, 2024

**LR Law Firm**

*Leon Tao, Esq.*
_____
Leon Tao, Esq.
Attorney for Plaintiff,
**LING CHEN**

1

## PROOF OF SERVICE

2

3          I am employed in the County of Los Angeles, State of California.  I am over
the age of 18 and not a party to the within action.   My business address is 3435
Wilshire Blvd. Suite 1400, Los Angeles, CA 90010.

4

5    On <u>November 27, 2024</u>, I served the foregoing document described as:

6    **PLAINTIFF LING CHEN'S REPLY TO DEFENDANT MERCEDES-
BENZ'S OPPOSITION TOPLAINTIFF'S MOTION TO REMAND.**

7

8    That document was served on parties herein in this proceeding as follows:

9                     **SEE ATTACHED SERVICE LIST**

10   **[] (BY MAIL)** I am "readily familiar" with the practices of LR LAW FIRM, in
collecting and processing correspondence and documents for mailing.  Under that
11   practice, documents for mailing would be deposited with the US Postal Service on
that same day this affidavit is signed with postage fully prepaid at Los Angeles,
12   California in the ordinary course of business.  I am aware that on motion of the
party served, service is presumed invalid if the postal cancellation date is more than
13   1-day after the day of deposit for mailing the affidavit.  [CCP § 1013]

14
**[] (BY OVERNIGHT MAIL)** I am "readily familiar" with the practices of LR
15   LAW FIRM for collection and processing of documents for mailing via overnight
delivery. I caused such document(s) to be placed in a sealed envelope designated by
16   the overnight service carrier, addressed to the person(s) on whom it is to be served
pursuant to the attached service list, and deposited said envelope in a box or other
17   facility regularly maintained by the overnight service carrier with delivery fees paid
or provided for. [CCP § 1013(c)]

18
**[X] (BY ELECTRONIC MAIL)** I caused the document(s) to be transmitted by
19   electronic mail to the e-mail addresses for each party indicated on the attached
service list.

20
**[] (BY PERSONAL DELIVERY)** I caused to be delivered such envelope by hand
21   to the addressee at the address indicated on the attached service list.

22
I declare under penalty of perjury under the laws of the State of California that the
23   foregoing is true and correct.

24   Executed on <u>November 27, 2024</u>.

25                                         /s/Sarah Zhang
                                          /s/Sarah Zhang

26

27

28
                                    - 6 -
                     **PLAINTIFF LING CHEN'S REPLY**

## <u>SERVICE LIST</u>

Sabrina C. Narain                                              *Counsel for Defendants*
sabrina.narain@ltlattorneys.com
Cynthia Y. Sun
cynthia.sun@ltlattorneys.com
ltl-e-service@ltlattorneys.com
LTL ATTORNEYS LLP
300 South Grand Avenue, Suite 3950
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

**PLAINTIFF LING CHEN'S REPLY**